**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

CRAIG A. HRON,

      Plaintiff - Appellant,

vs.

O. C. JENKINS, Warden, USP
Leavenworth, KS; WILLIAM SCOTT,
Warden, USP Leavenworth, KS; M.
JACKSON, Correctional Officer of
BOP and Captain at USP
Leavenworth, KS; J. REARDEN,
Associate Warden BOP at USP
Leavenworth, KS; L. STOWERS,
Physician's Assistant BOP at USP
Leavenworth, KS; K. ACCOSTA,
Correctional Officer BOP at USP
Leavenworth, KS: F. DEL MURO,
Physician's Assistant for the BOP at
USP Leavenworth, KS; WALDO
MARTINEZ, Case Manager BOP at
USP Leavenworth, KS; WILLIAM
DAVIS, Correctional Counselor BOP
at USP Leavenworth, KS; D.
SATTERFIELD, Asst. Health Services
Administrator BOP at USP
Leavenworth, KS; CARL
STRATMAN, Physician's Assistant
BOP at USP Leavenworth, KS; C.
PEKETE, Housing Unit Manager BOP
at USP Leavenworth, KS; A.
SALAZAR, Physician's Assistant BOP
at USP Leavenworth, KS; M.
SPERRY, Asst. Health Services
Administrator BOP at USP
Leavenworth, KS,

      Defendants - Appellees.

No. 98-3237
(D.C. No. 94-CV-3491)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Plaintiff-Appellant Craig A. Hron, an inmate appearing pro se, appeals from the district court's grant of summary judgment to Defendants-Appellees on his civil rights complaint brought pursuant to 42 U.S.C. § 1983. The district court determined that his claim of deliberate indifference to his medical needs did not rise to the level of an Eighth Amendment violation and thus granted qualified immunity to Defendants. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

### Background

Mr. Hron suffers from diabetes mellitus and claims that he also suffers from a seizure disorder (which he described as epilepsy in his complaint) that

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

affects him during his sleep. While imprisoned at the U.S. Penitentiary in Leavenworth, Kansas ("Leavenworth"), he received treatment for his diabetes and was medically assigned to a lower bunk. However, when Mr. Hron was placed in administrative detention in the Special Housing Unit, he was assigned over his protests to an upper bunk. Two days later, on March 23, 1993, he fell from the bunk and broke his right knee cap. He received medical treatment for the injury that same day, including reconstructive surgery. After his surgery and upon his return to the general prison population, Mr. Hron claims that a lower bunk assignment continued to be denied, and that he was assigned to a higher tier which required him to climb several flights of stairs. Mr. Hron further claims that although the pins and wires from his knee surgery were to be removed in September of 1993, they were not removed during the remainder of his time at Leavenworth, which ended in October of 1994 when he was transferred to another U.S. Penitentiary.

Mr. Hron brought a 42 U.S.C. § 1983 action against Defendants for the above alleged acts and omissions, which he claims constitute a denial of adequate medical care in violation of the Eighth Amendment. The district court found that Mr. Hron failed to state a claim for relief under the Eighth Amendment and granted summary judgment to Defendants. On appeal, Mr. Hron limits his argument to the actions of Defendants Accosta and Stowers in denying him a

lower bunk, asserting that the district court erred in finding that he did not state a claim under the Eighth Amendment. He does not appear to contest the district court's order as to the remaining defendants.

## Discussion

We review the grant of summary judgment de novo. See Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir.1996). We apply the same standard as the district court to determine whether there is a genuine issue as to any material fact and whether defendant is entitled to judgment as a matter of law. See id. We view the evidence and the inferences that can be drawn therefrom in the light most favorable to plaintiff. See id.

Mr. Hron argues that the failure of Defendants Accosta and Stowers to assign him to a lower bunk states a claim under the Eighth Amendment according to the standards articulated in Estelle v. Gamble, 429 U.S. 97 (1976), and Farmer v. Brennan, 511 U.S. 825 (1994). In Estelle, the Supreme Court held that an inmate's complaint of inadequate medical care states a cognizable Eighth Amendment claim only if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. The Court clarified the meaning of "deliberate indifference" in Farmer, holding that the term requires that a prison official subjectively "knows

that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

We find Mr. Hron's argument deficient in that his evidence does not demonstrate "deliberate indifference" on the part of Defendants Accosta and Stowers. Although the government concedes that, at the time of the injury, Mr. Hron should have been assigned to a lower bunk based upon its medical records, see R. doc. 46 at 3, Mr. Hron has failed to come forward with sufficient evidence that Defendants had a subjective knowledge of a substantial risk. In a sworn declaration in his response to Defendants' motion for summary judgment, he claims that he informed Defendant Accosta that he "was medically assigned to a lower bunk" and informed Defendant Stowers that he "needed to be on a lower bunk due to [his] medical condition." R. doc. 58 app. A at 1. Without more specific information as to the risk faced by Mr. Hron, Defendants cannot be imputed with subjective knowledge of a substantial risk of serious harm. The Defendants' evidence indicates no clear diagnosis of epilepsy, at least until after the accident occurred. See R. doc. 46 at 7 & exh. 2. Although it is unfortunate that Mr. Hron fell and injured his knee, we agree with the district court that Defendants' failure to place him in a lower bunk reflects negligence rather than deliberate indifference. See R. doc. 63 at 6.

For the foregoing reasons, we hold that Mr. Hron has failed to state a claim under the Eighth Amendment, and AFFIRM the judgment of the district court.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge